UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL PONCE, | 1:15-cv-00620-EPG |
| Plaintiff, | ORDER DISMISSING CLAIMS WITH LEAVE TO AMEND |
| vs. | |
| WANG, et al., | (Doc.  1.) |
| Defendants. | |

## I.    BACKGROUND

Plaintiff Raul Ponce ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 21, 2015, (ECF No. 1), which is now before this Court for screening.

On May 11, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 8.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

\\\

\\\

## II.     LEGAL STANDARDS FOR SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## III.     PLAINTIFF'S ALLEGATIONS

Plaintiff alleges in his complaint that he was improperly denied pain medication for back pain.  Prior to Plaintiff's transfer from Salinas Valley State Prison, to Corcoran State prison, he was taking tramadol, methadone, T3, and Gabapitin for pain management.  Plaintiff suffered from back complications and spasm.  Defendants Wang, Macias, Clark, Gill and Ulit knew or should have known about the existing medication condition.  Nevertheless, they failed

to provide Plaintiff with the pain medication and refused to refer Plaintiff to a back specialist. Plaintiff's back pain makes it difficult to sleep and causes him depression.

## IV.     DELIBERATE INDIFFERENCE

### a.  Legal Standards

The Eighth Amendment of the United States Constitution entitles Plaintiff to medical care and is violated when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of...subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

### b.  Analysis of Plaintiff's Allegations

The Court finds that Plaintiff has not stated a claim for deliberate indifference to his serious medical needs.  Plaintiff has alleged that he suffers from back pain and has previously

been prescribed certain medications, and that he is not receiving those medications at this time. But Plaintiff has not alleged facts that would show that his failure to receive pain medication is based on a deliberate indifference to his serious medical needs, rather than a difference in medical opinion about whether he needs the medication. Alleging that certain doctors did not follow recommendations of prior doctors does not state a constitutional claim. There are no facts that show that defendants have acted, or failed to act, because they purposefully wish to cause harm or disregard a serious medical need of Plaintiff.

Plaintiff has also not identified what each individual defendant did that would show they each violated plaintiff's constitutional rights. He does not allege what their role was, what they said or did to him specifically, and why they did it. Instead, it appears that he has named doctors at the prison generally. He has also named supervisors, who are not directly liable under section 1983 as described above.

### V.  Conclusion and Order

The Court has screened Plaintiff's Complaint and finds that it fails to state any claims against any of the Defendants upon which relief may be granted under section 1983. The Court will grant Plaintiff leave to amend the Complaint within thirty days. Otherwise, Plaintiff may choose to go forward with his original Complaint as filed, subject to a recommendation to the District Judge that this case be dismissed, with prejudice, for failure to state a claim.

Should Plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555. There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the Court in identifying his claims. Plaintiff shall be required to limit his Complaint to twenty-five pages,

which is sufficient to state his allegations and claims.  Plaintiff need not state legal authority for his claims.  Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation.  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Fed. R. Civ. P. 18(a).

With respect to exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence.  If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220.  If Plaintiff files an amended complaint, the amended complaint will supersede his original Complaint and the Court will screen the amended complaint in full.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, based on the foregoing, **IT IS HEREBY ORDERED** that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall **<u>either</u>**:

    (1)    File a First Amended Complaint not exceeding 25 pages, attempting to cure the deficiencies identified in this order, **<u>or</u>**

(2)    Notify the Court in writing that he wishes to proceed with his original Complaint as filed, subject to a recommendation to the District Judge that this case be dismissed, with prejudice, for failure to state a claim;

3.    If Plaintiff files an amended complaint exceeding 25 pages, it shall be stricken from the record;

4.    Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:15-cv-00620-EPG-PC; and

5.    Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 24, 2016**                    /s/ _Erica P. Groj_
                                         UNITED STATES MAGISTRATE JUDGE