UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL PONCE,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFFREY WANG, et al.,<br><br>        Defendants. | 1:15-cv-00620-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL AND STRIKING AMENDED COMPLAINT<br><br>(ECF NOS. 31 & 33) |

Raul Ponce ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*. On February 2, 2017, the Court dismissed Plaintiff's case, with prejudice, for failure to state a claim. (ECF No. 29). On February 13, 2017, Plaintiff filed a request for appointment of pro bono counsel. (ECF No. 31). On that same day Plaintiff filed a "supplemental and resubmission of original complaint and amend complaint" ("Second Amended Complaint"). (ECF No. 33). Because the case has been dismissed, the Court will deny Plaintiff's request for appointment of pro bono counsel and strike Plaintiff's Second Amended Complaint.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28

U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel.  This case has already been dismissed with prejudice, for failure to state a claim.  Accordingly, the Court has already determined that Plaintiff cannot succeed on the merits of his claim.

Additionally, the Court will strike Plaintiff's Second Amended Complaint.  Federal Rule of Civil Procedure 12(f) states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."

Here, Plaintiff's First Amended Complaint was dismissed, with prejudice, for failure to state a claim. (ECF No. 29).  The Court dismissed the case with prejudice because "[t]he Court previously granted Plaintiff leave to amend the complaint, with ample guidance provided by the Court.  Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983.  The Court finds that the deficiencies outlined [in the screening order] are not capable of being cured by amendment, and therefore further leave to amend should not be granted." (Id. at p. 10).

The Court has reviewed Plaintiff's Second Amended Complaint.  The section containing the factual allegations is less than a page and a half, and it contains significantly fewer factual allegations than previously provided.  Additionally, the factual allegations Plaintiff does provide are largely identical to the allegations Plaintiff provided in his previous complaints.  Accordingly, the Court sees no reason to reconsider its prior ruling that leave to amend would not be granted, and will strike

Plaintiff's Second Amended Complaint.

For the foregoing reasons, Plaintiff's motion for appointment of pro bono counsel is DENIED and Plaintiff's Second Amended Complaint is STRICKEN from the record.

IT IS SO ORDERED.

Dated:   **February 16, 2017**                    /s/ Erica P. Grosjean
                                                   UNITED STATES MAGISTRATE JUDGE